### B. J. MADISON vs. LUCY MADISON.

A decree of divorce is not subject to review, though there are proceedings in the suit that may be reviewed in this Court.

The provisions in the Practice Act, requiring in case of waiver of jury trial, that the Court render its decision in writing, stating conclusions of fact and law separately, does not apply to suits for divorce.

This Court will not review the decision of the lower Court, upon facts, further than it would the verdict of a jury.

The action of the District Court requiring the husband to pay the wife's counsel fees, and decreeing a certain sum of money—into the hands of a a trustee, who was to pay its interest to the wife, at intervals, during her life, and upon her death allow the principal to revert to the husband—is sanctioned by the divorce act.

No binding ·order can be made upon a person in nowise made a party to the suit.

ERROR to the Second Judicial District holding terms at Olympia.

Opinion by STRONG, Associate Justice.

The plaintiff in error, who was also plaintiff in the Court below, petitioned in the District Court for a divorce. The defendant answered and filed her cross bill. Whereupon such proceedings were had, that decree of divorce was granted, and alimony and certain expenses were allowed to the defendant out of the estate of the plaintiff.

The plaintiff has sued out his writ of error to this Court, and seeks to reverse all that portion of the decree except that granting the divorce.

Defendant moves to dismiss, on the ground that a divorce case cannot be reviewed on error.

So far as the divorce itself is concerned, the Court are of the opinion that under our statute, it rests solely in the discretion of the District Court, and is not subject to review; but there are other questions involved, upon which the Court below may render such a decision as is subject to review on error.

The motion to dismiss must be overruled. We now proceed to examine the errors that have been assigned.

The first is, that the Court, in its decree, did not state conclusions of law and fact separately.

In examining this question, we can be governed solely by the statute. By the 204th section of the civil practice act, page 186, stat. W. T. 1854, in certain causes the right of trial by jury may be waived. By the 205th section it is provided that in such cases the Court shall give its decision in writing, and shall, in its decision, state the conclusions of fact and law separately.

This, we think, refers only to those cases where the party having a right to demand a trial by jury, fails to do so and waives his right. Under our divorce law, the parties cannot demand a jury, and therefore the case does not come within the provisions of the statute.

The 2d, 3d, 4th, and 7th grounds of error alleged, appertain entirely to conclusions drawn by the Court below from the evidence. It is not the province of this Court to review the action of the District Court upon the testimony, in order to decide whether upon the same evidence, we should have come to a similar conclusion, any more than it is to review the testimony submitted to a jury, in order to determine whether they came to a correct conclusion as to the facts.

Our province is to decide upon questions of law. We can only examine the case to see whether the decree is one that could legally be made by the Court.

In this case the District Court granted the sum of five hundred dollars to pay for counsel fees of the defendant.

The 7th section of the divorce act provides: "That on decreeing, or refusing to decree a divorce, the Court may, in its discretion, require the husband to pay all reasonable expenses

of the wife, in the prosecution or defense of the petition, when such divorce has been so granted or refused, and give judgment accordingly." This has been done in the present case, and the District Court, where the trial was had, knowing the labor bestowed by counsel, is much more competent to judge the proper measure of compensation than this Court.

By section 8 of the divorce act, the Court is vested with discretionary power " to make such disposition of the property of the parties as shall appear just and equitable," etc.

The Court, in this instance, instead of granting a sum absolutely to the wife, has decreed that a certain sum shall be put into the hands of a trustee, the interest to be paid to the defendant, quarterly, during her natural life, and at her death the principal to revert to the husband.

This we think the Court had power to do under the section of the act referred to.

The 5th cause assigned for error is, that the Court made the decree a lien upon the dower interest the wife might have in the lands of the husband, had he died during coverture.

We understand this decree to be no more, upon this point, than a decree that the divorce of the parties should not operate as a release of dower in the husband's lands, until he had complied with the order of the Court, that is, paid the money awarded as alimony, into the hands of the trustee, and paid such expenses and costs as had been by the Court awarded against him. In this view, we believe this portion of the decree to be correct.

The 6th point of error we consider well taken. It does not appear that F. A. Chenoweth has ever been, by any summons as garnishee or otherwise, made a party to the suit, and therefore no binding order could be made upon him.

We therefore order, adjudge and decree, that the decree of the District Court, in so far as it enjoins F. A. Chenoweth from paying over money, be, and the same is hereby reversed; and in all other respects said decree be affirmed, at plaintiff's costs, and that a mandate issue to the District Court in accordance herewith.